IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TA-JUANA ARRINGTON, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) No. 06 C 5129 |
| v. | )<br>) Judge Manning |
| LA RABIDA CHILDREN'S HOSPITAL, | )<br>) Magistrate Judge Cole |
| Defendant. | )<br>) |

MEMORANDUM OPINION AND ORDER
RE: PETITION FOR ATTORNEY'S FEES

BACKGROUND

Plaintiff, Ta-Juana Arrington, sued her former employer, Defendant La Rabida Children's Hospital, alleging several counts of discrimination and harassment. On December 21, 2006, this Court adopted the parties' discovery plan, which called for the completion of all document discovery by February 28, 2007. On November 7, 2006, La Rabida served Ms. Arrington with written discovery requests, including interrogatories and document production requests. *Motion to Compel Compliance with Discovery* at ¶ 1 ("Motion to Compel"). Under FED. R. CIV. P. 33 and 34, respectively, Ms. Arrington's responses to the interrogatories and document requests were due on December 7, 2006.

On December 19, 2006, Ms. Arrington still had not responded to La Rabida's discovery requests. Counsel for La Rabida wrote Ms. Arrington's attorney, Mr. Gerald Smetana, to point out the missed deadline and inquire as to when Ms. Arrington's responses could be ready.

1

(Motion to Compel, Exhibit C.) Mr. Smetana responded by telephone, promising Ms. Arrington's responses by January 5, 2007. (Motion to Compel at 2.)

On January 11, 2007, Ms. Arrington still had not responded to La Rabida's discovery requests. Counsel for La Rabida again wrote to Mr. Smetana. (Motion to Compel, Exhibit D.) By telephone, Mr. Smetana indicated that the responses would be ready by January 19, 2007. On February 6, 2007, Ms. Arrington still had not responded to La Rabida's discovery requests. Counsel for La Rabida wrote to Mr. Smetana for the third time. (Motion to Compel, Exhibit E.) In this writing, La Rabida's counsel informed Mr. Smetana that, if Ms. Arrington's responses were not received by February 9, 2007, La Rabida would file a motion to compel. (Motion to Compel at 2.) On February 8, Mr. Smetana responded by telephone, promising the responses by 10:00 a.m. on Monday, February 12, 2007. (Motion to Compel at 2.)

On February 13, 2007, still without Ms. Arrington's responses, La Rabida filed a Motion to Compel Compliance with Discovery. This Court heard argument and granted that motion on February 20, 2007. La Rabida filed a petition for attorney's fees incurred in bringing the motion to compel, pursuant to FED. R. CIV. P. 37(a)(4)(A). This Court subsequently granted leave to allow David Duggan to file an appearance as co-counsel for Ms. Arrington, as well as an additional 10 days in which to respond to La Rabida's petition.

## RULE 37(a)(4)(A) ATTORNEY'S FEES

Federal Rule of Civil Procedure 37 generally requires the award of expenses, including attorney's fees, incurred in making a successful motion to compel. FED. R. CIV. P. 37(a)(4)(A). An award of attorney's fees "shall" be made "unless the court finds that . . . the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(4)(A). "The great operative principle

2

of Rule 37(a)(4)(A) is that the loser pays." *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994) (quoting CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 8 FEDERAL PRACTICE & PROCEDURE § 2288 at 287 (1970)); *see also Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407 (7th Cir. 2000); *Franklin v. Beth*, 2007 WL 1062429 (E.D. Wis. Apr. 3, 2007); *Rodgers v. Lowe's Home Ctrs., Inc.*, 2007 WL 257714 (N.D. Ill. Jan. 30, 2007). This policy "encourages . . . voluntary resolution [of discovery disputes] and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of their claims. *Rickels*, 33 F.3d at 786. In this case, Ms. Arrington concededly failed to meet both the initial and extended deadlines for responding to interrogatories. *Plaintiff's Response to Defendant's Petition for Attorneys Fees Pending Before Magistrate Judge Cole* at 1 (Response).

Ms. Arrington contends that the failure to meet discovery deadlines, which resulted in the motion to compel, was "substantially justified" under Rule 37. (*Response* at 2). Ms. Arrington argues that the failure to comply was a result of "circumstances beyond the control" of either Ms. Arrington herself or her attorney, Mr. Smetana. Specifically, Ms. Arrington recounts a convoluted series of events, the sequence of which is unclear, that prevented a timely response. First, Ms. Arrington herself took ill (though the nature and duration of her illness is not explained), preventing the verification of Ms. Arrington's responses to Defendant's interrogatories. (Response at ¶ 1-a.) Mr. Smetana had recorded the tentative answers on a tape to be transcribed by his secretary, Pat Williams. (Response at ¶ 1-d.) At some point, Ms. Williams began suffering medical problems requiring two hospital visits, the duration of which is not stated. (Response at ¶ 1-c.) During the course of these visits, Ms. Williams apparently lost the tape of the tentative answers, as well as the only copy of the interrogatories themselves. (Response at ¶ 1-d.) Thus, when Mr. Smetana was finally able to verify Ms. Arrington's

3

responses to the interrogatories, he had to start over from the beginning, rather than simply amending the tentative responses. (Response at ¶ 1-d.) Ms. Arrington contends that this chain of events "substantially justifies" the failure to meet the various agreed deadlines.

Assuming that events did transpire in the way Ms. Arrington asserts, these facts, in the abstract, might constitute substantial justification. But these events are not viewed in a vacuum; there are other considerations. First, there is no claim in the briefs that Mr. Smetana ever conveyed these extenuating circumstances to opposing counsel. Had he explained the situation, counsel for La Rabida may have been willing to extend the schedule further. But without having done so, it is difficult to say that the lost tapes, etc., substantially justify the failure to respond. *Compare Robbins v. Lynch*, 836 F.2d 330 (7th Cir. 1988) ("[P]rivate intent counts only if it is conveyed to the other party and shared."). Second, Ms. Arrington did not simply fail to meet one deadline. After the initial deadline of December 7, 2007, Mr. Smetana agreed to *three* subsequent extended deadlines, each of which was missed. Mr. Smetana had received a replacement copy of the interrogatories and production request in January, yet had not completed a response by February 12. Mr. Smetana's repeated promises and subsequent failures to deliver undercut any justification his circumstances may offer. The necessary conclusion is that Plaintiff's failure to respond in this case was not "substantially justified" under Rule 37(a)(4)(A), and an award of attorney's fees is mandated.[1]

The next question is the amount of fees to which La Rabida is entitled. La Rabida requests a total of $2,179.50 for fees incurred in bringing the motion to compel. (Petition at 2.) This consists of 2.7 hours billed by J. Stewart Garbutt at $230.00 per hour, 8.9 hours billed by

---

[1] Ms. Arrington argues that a subsequent agreed order makes the award of fees under Rule 37(a)(4)(A) "discretionary," but offers no explanation or support for this proposition. (Response at ¶ 8.)

4

Rachel Urquhart at $180.00 per hour, and $21.00 in photocopying expenses. *Affidavit of Rachel S. Urquhart* at 1-3 ("Affidavit"). Ms. Urquhart's affidavit contains an itemization of the hours billed related to the motion. Rule 37(a)(4)(A) mandates an award of only those fees that are "reasonable," however. While some of the hours billed by Ms. Urquhart and Mr. Garbutt are reasonable, several entries appear excessive, and will be reduced:

Ms. Urquhart claims 3.5 hours on Feb. 9, 2007, for "[r]eview federal rules of civil procedure and history of Plaintiff's non-compliance with discovery requests, confer with opposing counsel and draft motion to compel discovery." It is unclear why these tasks, even in the aggregate, demanded over three hours of work. Reference to the applicable federal rule, for example, is a five-minute task, if that. And La Rabida's motion to compel was less than three pages long and cited no cases; it did not even quote the applicable portion of Rule 37. This entry is reduced to one (1) hour.

Ms. Urquhart and Mr. Garbutt each offer several blocks of time regarding the motion to compel for "conferring" and "reviewing," which are also excessive. The motion to compel was superficial and boilerplate. These entries are also duplicative. For example, Ms. Urquhart and Mr. Garbutt *each* billed time for conferring with one another. For these reasons, the following reductions are appropriate: (1) Ms. Urquhart's February 12 entry of .5 hours is reduced to .25 hours; (2) Mr. Garbutt's February 12 entry of .7 hours is reduced to .2 hours; (3) Mr. Garbutt's February 13 entry of 1.4 hours is reduced to .2 hours.

Ms. Urquhart's entries regarding the hearing on the motion to compel, the draft order regarding that motion, and the petition for attorney's fees are likewise excessive. Ms. Urquhart claims 1.2 hours for the hearing on the motion to compel; this will be reduced to .75 hours. She also claims 1.2 hours for drafting the order and "confer[ring] with opposing counsel and court

for submission of order." (Affidavit at 2.) This entry will also be reduced to .75 hours. Ms. Urquhart claims 1.8 hours for drafting the petition for attorney's fees. (Affidavit at 2.) The petition for attorney's fees was approximately one page long, and cited no case law. This entry will be reduced to one (1) hour. Finally, Mr. Garbutt's bill for .3 hours to "[i]nstruct R. Urquhart on petition for attorney [sic] fees," which is likewise unwarranted, is disallowed.

This leaves totals of 5.95 hours, or $1,071.00, for Ms. Urquhart, and .7 hours, or $175.00, for Mr. Garbutt. The $21.00 in copying expenses will also be awarded, for a total of $1,267.00.

## CONCLUSION

For the foregoing reasons, defendant's Petition for Fees [#29] is GRANTED in part and DENIED in part.

ENTERED _____
UNITED STATES MAGISTRATE JUDGE

DATE: 4/25/07