# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TA-JUANA ARRINGTON, ) | |
| ) | |
| Plaintiff, ) | No. 06 C 5129 |
| ) | |
| v. ) | Judge Manning |
| ) | |
| LA RABIDA CHILDREN'S HOSPITAL, ) | Magistrate Judge Cole |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On January 25, 2007, the plaintiff's Unopposed Motion to File First Amended Verified Complaint (Docket No. 16) was granted. (Docket No. 20). On May 4, 2007, the plaintiff sought leave to file a corrected First Amended Complaint to add to the jurisdictional allegations "the additional statutory reference 42 U.S.C. §1981(b)...." (Docket No. 47). On August 15, 2007, a status hearing was held at which the plaintiff's motion was granted as was defendant's Motion to Amend Affirmative Defenses. The minute order, however, incorrectly reflected that Docket No. 16, rather than Docket No. 47, was granted – even though Docket No. 16 had been granted by order of January 25, 2007 (Docket No. 20). (*See* Docket Nos. 58 and 59).[1] The referral was also closed on that date. In addition to the minute order, an Agreed Order was prepared by the defendant. It provided that:

> At hearing on August 15, 2007, the Court made the following order as stated in open court:
>
> Defendant's Motion for Leave to Amend Defendant's Affirmative Defenses to Add Affirmative Defense No. 6, and to File Defendant's Amended Affirmative Defenses to Plaintiff's First Amended Verified Complaint, is Granted.

---

[1] At the time this order was entered our courtroom deputy was away and there were a series of substitutes.

The Agreed Order, however, did not reflect that the plaintiff had been granted leave to amend the First Amended Verified Complaint. Plaintiff's counsel is not a registered e-filer with the Northern District of Illinois and did not know that the minute order had been entered and claims to have been unaware that he had been granted permission to actually file the amendment. As a consequence, the amendment was not ever filed. Thereafter, on August 20, 2007, the defendant moved for leave to file a Motion for Summary Judgment. On September 5th Judge Manning granted that motion and there is presently pending before her the defendant's summary judgment motion.

On December 5, 2007, the plaintiff moved for an order granting him permission to file the amendment to the First Verified Complaint *nunc pro tunc*. (*See* Docket No. 83). The defendant has vigorously objected, contending that it will be seriously prejudiced in light of the pendency of the summary judgment proceedings, even though it does not deny that it was always aware that the plaintiff had been granted leave to file the amendment. When the plaintiff filed its motion, I asked that the case be re-referred. At the time I did so, it was not clear, at least to me, how intertwined the motion is with the pending proceedings before Judge Manning.

Consequently, it seems inappropriate for me to make a determination that according to the defendant would significantly effect those proceedings and the proper resolution of which is intimately bound up with the course of those proceedings. Accordingly, the motion should be directed to Judge Manning, and the plaintiff is directed to immediately bring the matter to her attention by proper motion.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 12/17/07

2