**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TA-JUANA ARRINGTON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | 06 C 5129 |
| | ) | |
| LA RABIDA CHILDREN'S HOSPITAL, | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

Attorney Gerard Smetana, lead counsel for plaintiff Ta-Juana Arrington, has filed a motion "for leave to file notice of appeal one day out of time and alternatively extension of time to file notice of appeal for an additional thirty days pursuant to Rule 4(a) of Federal Rules of Appellate Procedure" is before the court. For the following reasons, the motion is denied.

## Background

On December 22, 2008, the court granted La Rabida's motion for summary judgment and issued a Rule 58 judgment. Both the court's order and the Rule 58 judgment were entered on the court's docket on December 22, 2008. The plaintiff filed a Rule 59 motion to reconsider on January 5, 2009, which was within ten business days following December 22, 2008. After briefing, the court denied the plaintiff's Rule 59 motion on February 3, 2009, and its order was entered onto the docket on this same date.

The thirtieth day after February 3, 2009, is March 5, 2009. The plaintiff, through her counsel Gerard Smetana, filed a notice of appeal on March 6, 2009.[1] Mr. Smetana's motion seeking leave to file a late notice of appeal is before the court. Despite the fact that numerous

---

[1] Mr. Smetana's co-counsel, David Duggan, did not sign the notice of appeal. Mr. Smetana states that Mr. Duggan is not handling the appeal and intends to retire from the practice of law shortly.

orders in this case were docketed on the same day they were issued, Mr. Smetana states that he believed, based on his past pre-CM/ECF experience, that orders are generally docketed the day after they are issued.

He proceeded based on this assumption without checking the docket and filed his notice of appeal accordingly, on what he believed was the last possible day to do so. Shortly after filing his notice of appeal, he reviewed the docket. At this point, he realized that his assumption was incorrect. In the motion presently before the court, counsel asks for an extension of the time in which to appeal, contending that his error constitutes excusable neglect under Fed. R. App. R. 4(a)(5) because it was an honest error, the slight delay will not harm La Rabida, and denial of the motion will prejudice his client. Alternatively, counsel contends that the pendency of La Rabida's motion for attorneys' fees means that the time to appeal from the merits judgment has not yet commenced.[2]

**Effect of Pendency of Fee Motion on Time to Appeal**

The court begins with counsel's fall-back argument, because if his position is correct, his appeal is not late because the time to appeal has not yet started to run. Counsel stresses that the court has not determined the amount of fees payable to La Rabida by plaintiff's counsel to compensate La Rabida for the time spent rebriefing its motion for summary judgment after the court allowed counsel to file his corrected amended complaint out of time.[3] Counsel thus

---

[2] The court previously required plaintiff's counsel to personally pay certain attorneys' fees to La Rabida as a condition precedent to allowing him to file an untimely amendment to the plaintiff's complaint after La Rabida's motion for summary judgment was fully briefed. Briefing regarding the amount of fees was completed on March 30, 2009.

[3] This incident could have been avoided if counsel had monitored the docket appropriately, as counsel took several months to realize that the corrected amended complaint

concludes that the time to appeal from the court's decision granting La Rabida's motion for summary judgment and its denial of the plaintiff's Rule 59 motion has not commenced.

This position is at odds with the well-established rule that "the failure to issue a final order on fees does not mean that appellate jurisdiction is lacking over the merits appeal." *Houben v. Telular Corp.*, 231 F.3d 1066, 1071 (7th Cir. 2000); *citing Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200-01 (1988) (a post-judgment award of attorneys' fees is collateral to the judgment on the merits). In other words, the pendency of the fee issue is not germane for purposes of determining if the plaintiff's appeal from the court's merits judgment is timely. *See WMS Gaming Inc. v. WPC Productions Ltd.*, 542 F.3d 601, 605 (7th Cir. 2008) (fact that amount of fees had not yet been determined did not affect appellate jurisdiction over the district court's judgment on the merits).

Trying from another angle, the plaintiff also appears to be contending that La Rabida's fee motion acts as a Rule 59 motion and thus tolls the time to appeal under Rule 4(a)(4)(A)(iii) of the Federal Rules of Appellate Procedure, which provides that "[i]f a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . . (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58." First, La Rabida's fee motion is wholly unconnected to the merits of this case, given that the court awarded fees to compensate La Rabida for work performed due to

---

had not been filed. *See* Docket No. 99 ("even if counsel erroneously thought that the corrected amended complaint would suddenly appear on the court's docket despite his failure to file it, counsel could and should have discovered his mistake months ago by reviewing the docket"). Regrettably, this incident did not inspire counsel to monitor the docket more vigilantly.

the failure of plaintiff's counsel to timely file an amended complaint. *See Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005) (motion filed by the plaintiff "did not come under the scope of Rule 59(e), as it did not in any way seek to reconsider and revise the [merits] decision."

Moreover, the Seventh Circuit has recognized that pursuant to Rule 58(c)(2) of the Federal Rules of Civil Procedure, "[w]hen a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act *before* a notice of appeal has been filed and has become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59." *Robinson v. City of Harvey*, 489 F.3d 864, 867-69 (7th Cir. 2007) (emphasis added). The court, therefore, cannot extend the time to appeal using Rule 4(a)(4)(A)(iii) of the Federal Rules of Appellate Procedure *after* the time to appeal has passed. *Id.* at 868-69 (an order under Rule 4(a)(4)(A)(iii) may not be used "to revive the already-expired time for appeal").

Finally, counsel appears to be suggesting that the pendency of the fee issue means that the court's summary judgment ruling was not a final and appealable order. This position is untenable given that the court issued a Rule 58 judgment along with the order granting La Rabida's motion for summary judgment. *See* Docket No. 127. In addition, counsel's belief that La Rabida's fee motion was somehow tied to the merits of the court's decision granting summary judgment to La Rabida is simply incorrect. The fee order at issue compensates La Rabida for an error made by plaintiff's counsel that required La Rabida's counsel to rebrief its motion for summary judgment. The fee issue is thus obviously not related to the merits, since La Rabida would be entitled to the fees awarded by the court regardless of whether its motion for

summary judgment was granted or denied. The court thus rejects all of counsel's arguments relating to the fee motion's effect on the timing of his notice of appeal.

### Excusable Neglect Under Fed. R. App. P. 4(a)(5)

As noted above, counsel miscounted the date that the plaintiff's notice of appeal was due, explaining "I believed in good faith from my total lack of experience with e-filing, the entry of the denial of plaintiff's Rule 59 Motion was the day following the denial of the motion by the court. I have since learned the clerk of court in fact no longer makes a separate entry of any final judgments or final orders, as they had done in all the years that I had been practicing, nearly 46 years." Declaration of Gerard Smetana, Docket No. 168-3, at ¶ 17.

This statement is problematic on many levels. First, Mr. Smetana's statement that the "clerk of court in fact no longer makes a separate entry of any final judgments or final orders" is incorrect. When the clerk entered the court's memorandum opinion and order granting La Rabida's motion for summary judgment, she also entered a Rule 58 judgment on an AO 450 form. *See* Docket No. 127. Mr. Smetana thus was on notice that the time to appeal had commenced. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384-85 (1978) (Rule 58's separate document rule protects the appellant's opportunity to appeal by providing certainty as to the deadline for filing a notice of appeal). His failure to look at the docket within thirty days of the court's decision to confirm the due date for the notice of appeal does not somehow make the court's Rule 58 judgment disappear.

A second and related point is that the court previously warned counsel that he is responsible for monitoring the docket, regardless of whether he personally learns to e-file or not. As the court stated:

> [C]ounsel's alleged inability to complete the mandatory e-filing class due to lack of facility with computers does not excuse his failure to monitor the docket. If anything, the knowledge that counsel was unable to receive e-mailed orders should have impelled him to check the docket *more* frequently . . . . *See Thomas v. Exxon Mobil Oil Corp.*, No. 07 C 0813, 2007 WL 2274710, at *2 (N.D. Ill. Aug. 1, 2007) (counsel who was aware that he was having email difficulties did not excuse his failure to comply with court orders because "he should have regularly accessed the court's online docket to monitor case activity or otherwise stayed informed. It is simply unreasonable for an attorney in practice to fail to take such action to ensure that he did not miss developments in his cases"). Dockets are available from the clerk's office as well as on-line, and decades before the advent of e-filing, lawyers manually checked court dockets to prevent problems such as the one facing plaintiff's counsel today. It is irresponsible to suggest that an inability to receive emailed orders absolves an attorney of the obligation to review the docket periodically in the format (on-line or not) of the attorney's choice.

Docket No. 99.

Third, Mr. Semtana appears to persist in believing that his decision not to learn to e-file absolves him from the rules applicable to all attorneys practicing in this district. The court understands that Mr. Smetana has taken the position that he is computer-illiterate and cannot use a computer in any way, and is thus incapable of learning how to e-file. The court empathizes with the challenges that technology poses to attorneys who are long-term practitioners. Nevertheless, the court's General Order on Electronic Case Filing, General Order 07-0023, requires attorneys to become registered e-filers, and the Clerk's Office offers training classes as well as individual assistance as necessary. It also maintains computers for the public to use.

The court has not exempted Mr. Smetana from the e-filing requirement. It expects that all counsel appearing before the court will either learn to e-file or arrange for someone to do so for them. Mr. Smetana is lead counsel for the plaintiff. His practice of blaming others for his failure to check the docket is simply unacceptable.

In this regard, the court also stresses that adherence to rules is not an exercise in nitpickiness. Rules enable the court and litigants to resolve cases in an efficient and cost-effective manner. This is the third time in this case that Mr. Smetana has failed to follow basic rules. *See* Docket No. 45 (assessing sanctions based on Mr. Smetana's repeated failure to comply with the discovery rules); Docket No. 99 (granting plaintiff's motion to file her corrected amended complaint on the condition that plaintiff's counsel personally pay reasonable attorneys' fees flowing from re-briefing of La Rabida's motion for summary judgment). The fact that Mr. Smetana's current difficulty is not an isolated problem makes his failure to manually check the docket in a timely manner even less understandable.

This brings the court to Mr. Smetana's request for an extension of time to file the notice of appeal. His memoranda do not address numerous Seventh Circuit decisions regarding excusable neglect under Fed. R. App. 4(a)(5). *See, e.g., McCarty v. Astrue*, 528 F.3d 541, 544-45 (7th Cir. 2008) (reversing extension of time to appeal granted based on the district court's finding that a three-day delay did not prejudice the defendant or unnecessarily delay the judicial proceedings, and that dismissal of the plaintiff's appeal "would be too harsh of a sanction for a relatively minor mistake" and holding that miscalculating a deadline is an insufficient reason to extend the time to appeal).

The court brought the *McCarty* decision to Mr. Smetna's attention and allowed him to file a supplemental memorandum addressing Seventh Circuit precedent regarding motions for leave to file a late notice of appeal. Mr. Smetana continues to maintain that the court may grant an extension because he mistakenly thought that the court's summary judgment order was entered on the docket the day after the date on that order.

The court sympathizes with Mr. Smetana's predicament. Yet, it simply cannot hold that his error was excusable. As noted above, this case has been riddled with problems due to, among other things, Mr. Smetana's failure to manually monitor the docket. This case illustrates the adage that those who do not learn from history are doomed to repeat it. Mr. Smetana did not learn from history and thus chose not to look at the docket until after the time to appeal had elapsed. The last time he failed to review the docket in a timely and thorough manner (when he took months to realize that he had not filed the plaintiff's corrected amended complaint), the court was able to extricate him from the consequences of his inaction.

This time, the court's discretion is much more limited. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) (per curiam) (a timely notice of appeal is "mandatory and jurisdictional"). The court may only grant an extension if it finds that counsel's neglect is excusable. *See* Fed. R. App. 4(a)(5). "The standard for reviewing whether neglect was 'excusable' is an equitable one, taking into consideration relevant circumstances, including (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." *McCarty v. Astrue*, 528 F.3d at 544.

"[T]he missing of a deadline as a result of things such as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules" can constitute "excusable neglect." *Id.* In contrast, "[a] simple case of miscalculating a deadline is not a sufficient reason to extend time." *Id.* (collecting cases).

Unfortunately for Mr. Smetana, the court finds that his proffered reason for the delay was fully within his control, as he could have checked the docket at any point after the court issued its decision and the accompanying Rule 58 judgment and ascertained the date that the Rule 58 judgment was entered on the docket. Mr. Smetana's alleged inexperience in federal court does not alter this decision: the mistake here was extremely basic and the court had already warned counsel that he was responsible for checking the docket. Moreover, counsel's error was one of inattention as opposed to a problem due to a complex or difficult to understand rule. The court thus finds that his mistake was not excusable. In any event, even if the court believed that the repeated failure to check the docket could constitute excusable neglect, the Seventh Circuit has expressly rejected the excuse offered by Mr. Smetana and held that granting an extension where an attorney miscalculated the time to appeal by three days was an abuse of discretion. *See id.* at 544-45.

Thus, the court finds, in an exercise of its discretion, that the circumstances here do not rise to the level of excusable neglect. The court is cognizant that this decision affects both Mr. Smetana and his client. It nevertheless denies counsel's motion for an extension of time to appeal.

## **<u>Conclusion</u>**

For the reasons set forth above, Mr. Smetana's motion "for leave to file notice of appeal one day out of time and alternatively extension of time to file notice of appeal for an additional

thirty days pursuant to Rule 4(a) of Federal Rules of Appellate Procedure" [#151] is denied. The clerk is directed to forward a copy of this order to the Seventh Circuit.

DATE:  April 3, 2009

                                                                                    Blanche M. Manning
                                                                                    United States District Judge